## UNITY SCHOOL OF CHRISTIANITY (WOQ) v. FEDERAL RADIO COMMISSION (RADIO STATION KFH CO. [KFH], Intervener).

### No. 6006.

Court of Appeals of the District of Columbia.

Argued Jan. 8, 1934.

Decided Feb. 19, 1934.

See, also, 62 App. D. C. 52, 64 F. (2d) 550.

George E. Strong, of Washington, D. C., for appellant.

George B. Porter, Fanney Neyman, and J. M. Littlepage, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decision of the Federal Radio Commission respecting broadcasting licenses.

The controversy in this case is between Station KFH, owned by the Radio Station KFH Company, located at Wichita, Kan., and Station WOQ, owned by the Unity School of Christianity, located at Kansas City, Mo.

Station KFH was licensed to operate upon a frequency of 1,300 kilocycles with power of one kilowatt, sharing time with Station WOQ as follows: Five-sevenths time to be used by KFH and two-sevenths time by WOQ. The schedule of the two stations was arranged so that each station was assigned certain time in the forenoon and in the afternoon and evening of each day. On one week day WOQ had seven different periods interspersed between periods allowed to Station KFH, and the schedules for other days of the week were similarly interrupted. Station KFH made use of the programs of the Columbia Broadcasting System and a considerable amount of local material. A special feature of its service was to broadcast reports from the grain and live stock markets. These broadcasts were of special interest and value to the public within the service area of the station in view of the importance of the grain and live stock markets in that locality. Station WOQ represented a nonsectarian school of religious instruction with particular reference to mental and physical development. It was supported mainly by free-will offerings and the sale of the institution's magazines. No criticism is to be made of the high character of the service rendered by either station within its field of operations, and it is conceded that they are both possessed of sufficient capital for the proper operation of their stations.

The present issue arose upon application

filed by the KFH Company with the Commission for authority to operate unlimited time, without change in frequency or output. This application was resisted by Station WOQ, whose service would thereby be restricted or deleted. At the same time Station WOQ applied for leave to transfer or assign its license to the Fairfax Broadcasting Company.

These issues were heard upon evidence by an examiner duly appointed by the Commission, who submitted a report of the evidence received and his conclusions thereon with a recommendation that the application of KFH Company for unlimited time be denied.

The report of the examiner was duly considered by the Commission, but his recommendation was overruled, and the Commission decided to grant the application of KFH Company for unrestricted time and to deny the application of WOQ for leave to assign or transfer its license to the Fairfax Broadcasting Company.

As grounds for its decision, the Commission held that Station KFH had rendered good public service in Wichita and vicinity, and, if granted unlimited time of operation, would be enabled substantially to increase its service for the public; that, although some broadcasting service was received in Wichita from stations located elsewhere, the only good service received in the general area of that city was such as was rendered by Station KFH; that Kansas City, Mo., and vicinity, on the other hand, already received good service from a number of local stations other than Station WOQ, in addition to fair service from regional and clear-channel stations located elsewhere; that it does not appear that the deletion of Station WOQ would deprive the public within the service area of that station of any substantial radio service not now received from a number of other stations; that the granting of the application for unlimited time of operation of Station KFH and the refusal of facilities to Station WOQ would work a more equitable distribution of broadcasting facilities within the fourth zone as provided for in section 9 of the Radio Act of 1927, as amended by the Act approved March 28, 1928 (47 USCA § 89 and note), in that there would be an increase in the broadcasting facilities of Kansas, which is now underserved and a decrease in broadcasting facilities of Missouri, which is now assigned more than its share. That it does not appear that the proposed operation of Station WOQ by the Fairfax Broadcasting Company would improve the broadcasting situation in that vicinity; that public interest, convenience, and necessity would not

be served by such assignment or transfer; that public interest, convenience, and necessity would be served by the granting of the application of Station KFH.

Accordingly, the application of KFH Company for modification of its license as applied for was granted, and the application of the Unity School of Christianity and the Fairfax Broadcasting Company for consent to an assignment of the license of Station WOQ was denied. The existing broadcasting station license of WOQ held by the Unity School of Christianity was terminated in accordance with the conclusions reached and the terms and conditions of the license.

Upon an examination of the record, we find that due notice had been served upon all parties in interest in the question before the Commission; that evidence and argument had been fully heard; that the findings of fact of the Commission and its decision upon the issue are supported by substantial evidence and are not arbitrary or capricious; and that no grounds exist which would justify this court in reversing the Commission's order. It is therefore affirmed. Section 16, Radio Act of 1927, as amended (46 Stat. 844 [47 USCA § 96]); Federal Radio Commission v. Nelson Bros. Bond & Mortgage Co. (Station WIBO), 289 U. S. 266, 53 S. Ct. 627, 77 L. Ed. 1166.

Affirmed.